LEMMON, Judge
(dissenting).
When Davis-Ogden and Holmes entered into the modification agreement, they provided for an earlier termination of the existing lease and intended to definitely set this termination at some fixed point in time. Instead of using a calendar date, they chose to fix the point in time by relation to an event which each expected to take place in due course. They did not refer to the event for the purpose of stipulating that the existing lease would terminate only if the event occurred, but rather for the purpose of fixing the termination date at the time the parties expected the event to occur. Stated otherwise, the parties referred to the event (anticipated to occur in due course) for the purpose of fixing the term of the contract and not for the purpose of imposing a condition into the contract.[1]
Davis-Ogden and Holmes did not intend that the existing lease would terminate conditional upon the happening of an event, but rather intended that the existing lease would terminate at the time of the happening, which neither party then doubted would occur in due course.
Technically, the stipulated event was not “in the course of nature, certain.” However, since Davis-Ogden bargained for an earlier termination date and in return surrendered its right to use the premises, the parties certainly intended that the event would occur within a reasonable time. It is unreasonable to construe the intention of the parties to be that Davis-Ogden forfeited its right of occupancy for the remainder of its lease on the hope that the stipulated event would occur, particularly since it had absolutely no control over the occurrence of that event. I therefore believe that the modification agreement should be interpreted to provide (1) that the existing lease would terminate when (and not if) construction was completed AND (2) THAT THE CONSTRUCTION WOULD BE COMPLETED WITHIN A REASONABLE TIME. Of course, since the passage of a reasonable time is “in the course of nature, certain,” the event would constitute a term and not a condition of the contract.
This court in Warren Refrigerator Co. v. Cavallino, 218 So.2d 621 (La.App., 4th Cir. 1969), allowed a serious injustice by refusing to recognize that the parties obviously intended the stipulated event would occur within a reasonable time. Cavallino purchased refrigeration equipment necessary to reopen his supermarket, which had been damaged by fire. Because of his poor cash position, he bargained for and was granted a term for payment related to the reopening of the store, the first payment being due 30 days after reopening. Hurrican Betsy delayed the reopening, which took place within a reasonable time after the storm. In holding that the reopening was a condition of the contract, this court followed the literal wording of the Code but distorted the obvious intention of the parties. Certainly, the parties *825 never intended that Cavallino would be obliged to pay for the equipment only if his store reopened. They used this event (which both assumed would occur within a reasonable time) to set the time for the first payment, intending that if the store never reopened, the first payment would nevertheless be due 30 days after what would have been a reasonable time for the reopening. The court in that case should have determined a reasonable time and set the due date of the first payment 30 days thereafter.
In the present case I believe the court should determine the point in time at which the stipulated event (completion of construction) would reasonably have occurred in due course and fix this point as the modified termination date intended by the parties.

. C.C. art. 2048 defines term as follows:
“The time given or limited for the performance of an obligation, is called its term.”
O.C. art. 2049 distinguishes condition from term:
“A term may not only consist of a determinate lapse of time, but also of an event, provided that event be in the course of nature, certain; if it be uncertain, it forms a condition.”